**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 17 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50394 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00112-PA-1 |
| v. | |
| ANDREW SUTTON BLITZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted January 15, 2019**

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Andrew Sutton Blitz appeals from the district court's judgment and

challenges the 70-month sentence imposed following his guilty-plea conviction for

conspiracy, possession of unauthorized devices, aggravated identity theft, and

aiding and abetting, in violation of 18 U.S.C. §§ 371, 1029, 1028A, and 2.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Blitz contends that the district court erred by imposing a two-level sentencing enhancement under U.S.S.G. § 3C1.2 for reckless endangerment during flight from law enforcement. Blitz concedes that the high-speed chase constituted reckless endangerment, but argues that the district court clearly erred by finding he was the driver of the vehicle involved in the chase. The district court's finding that Blitz was the driver was not clearly erroneous because it was supported by a law enforcement officer's identification of Blitz as the man he saw fleeing the scene of the chase, the fact that Blitz had access to the vehicle, and Blitz's co-conspirator's statement. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc) (district court's factual findings at sentencing are reviewed for clear error); *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010) (district court's factual findings are clearly erroneous only if they are "illogical, implausible, or without support in the record"). Contrary to Blitz's argument, the district court did not err by relying on the police officer's identification because other evidence corroborated it. *See United States v. Ingham*, 486 F.3d 1068, 1076 (9th Cir. 2007) (district court may rely on hearsay at sentencing as long as it is supported by "some minimal indicia of reliability" (internal quotations omitted)).

**AFFIRMED.**

2                                                                    17-50394